UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO FULLER,

    Defendant.
_____/

Case No. 14-20677
Hon. Matthew F. Leitman

## ORDER DENYING MOTION FOR BOND (ECF #17)

### Background

On October 23, 2014, a grand jury indicted Defendant Antonio Fuller ("Defendant") on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (*See* ECF #7.) On October 24, 2014, Magistrate Judge R. Steven Whalen held a detention hearing and ordered that Defendant be detained pending trial. (*See* ECF #18.) In preparation for the hearing, a Pre-Trial Services officer prepared a report recommending that Defendant be detained. In a written order entered following the hearing, Magistrate Judge Whalen found, by clear and convincing evidence, that there is a serious risk that, if released, the Defendant will endanger the safety of another person or the community. (*See id.*) Magistrate Judge Whalen also found that the nature of the offense, weight of the evidence, and Defendant's criminal history weighed in favor of detention. (*See id.*)

Defendant has now filed a motion for bond.  (*See* ECF #17.)  In the motion, Defendant asserts that he "poses neither a danger to the community" nor a risk of flight. (*Id.* at 2.)  In support of that assertion, Defendant makes only a single point: that his "prior convictions were all adjudicated on the same date and all sentences were completed before the commission of the instant offense." (*Id* at 4.) Defendant finally contends that there are conditions of release that will adequately protect the community, including that he re-establish his residence, maintain employment, submit to location monitoring, submit to drug and/or mental health treatment, and report as directed to pre-trial services.  For all of the reasons stated below, Defendant's motion for bond is **DENIED**.

## Analysis

In general, "[t]he default position of the law . . . is that a defendant should be released pending trial."  *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Pursuant to "the Bail Reform Act, 18 U.S.C. § 3142 . . . a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)).  "The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or the community by clear and convincing evidence." *U.S. v. Hinton*, 113 Fed. App'x 76,

77 (6th Cir. 2004) (citing *U.S. v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)); *see also U.S. v. Ellison*, 2007 WL 106572, at *2 (E.D. Mich., Jan. 8, 2007).

In reviewing Defendant's motion, this Court will not accord deference to Magistrate Judge Whalen's conclusions and will, instead, conduct a de novo review of the evidence and legal issues. *See, e.g., United States v. Williams*, 948 F.Supp. 692, 693 (E.D.Mich.1996) ("This court reviews *de novo* the magistrate's order of pretrial detention").  Nonetheless, the Court notes that Defendant has given the Court little reason to question to correctness of Magistrate Judge Whalen's ruling.  As noted above, the sole support for Defendant's argument that he is not dangerous is his assertion that the prior criminal charges brought against him were adjudicated on a single day.  The evidence before the Court, however, clearly establishes that if released Defendant would pose a danger to the community, and the relevant statutory factors favor detention.

The Court first considers the nature and circumstances of the charge, including whether it involves a firearm. *See* 18 U.S.C. § 3142(g)(1).  The charge here is a serious one: that Defendant, a convicted felon who does not hold a concealed weapons permit, walked down a street near a residential neighborhood with a handgun concealed in his pants.  Defendant's alleged possession of a firearm under these circumstances suggests he poses a real threat.

The second factor the court must consider is the weight of the evidence. *See* 18 U.S.C. §3142(g)(2). "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). The weight of evidence of Defendant's dangerousness is strong. As the exhibits attached to the government's response make clear (*see* ECF #20), Defendant has committed several serious felony offenses and has done so while on probation. Defendant's convictions include offenses that pose a direct threat to the safety of others, including home invasions and assaulting/resisting/obstructing a police officer. This Court agrees with the District Court in *United States v. Floyd*, 11 F.Supp.2d 39, 41 (D.D.C. 1998), that Defendant's commission of serious offenses while on probation is strong evidence that Defendant cannot be trusted to comply with conditions of release designed to protect the public.

If and to the extent that this second factor goes to the weight of the evidence of Defendants' guilt, it would still weigh in favor of detention. There does not seem to be much dispute that Defendant was found in possession of a firearm after having been convicted of more than one felony.

The third factor the Court must consider is "the history and characteristics of the person" accused. 18 U.S.C. §3142(g)(3). The primary evidence in this record concerning Defendant's history and characteristics is his extensive criminal record.

Defendant has not presented any countervailing evidence concerning, for instance, his employment history, family support, or educational history. On this record, Defendant's history and characteristics suggest a dangerous person who should not be released prior to trial.

Finally, the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." 18 U.S.C. §3142(g)(4). For all of the reasons explained above, this factor weighs heavily in favor of a finding that Defendant poses a danger and should be detained.

The Court finds, by clear and convincing evidence, that Defendant poses a danger to the community. The question that remains is whether there is any condition or set of conditions of release that can adequately protect the community. The Court concludes that there are not. Defendant poses a serious danger and has a well-documented history of failing to comply with the most basic condition of probation – that he not commit any additional crimes.

Accordingly, Defendant's motion for bond (ECF #17) is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113
